UNITED STATES DISTRICT COURT
FOR THE MIDDLE DISTRICT OF FLORIDA
TAMPA DIVISION

THERESA M. EICHENMULLER and
COLIN B. EICHENMULLER,

    Plaintiffs,

Case No. 8:23-cv-01362

v.

DEBT COLLECTORS
INTERNATIONAL, INC.,

    Defendant.

_____/

# COMPLAINT

Plaintiffs THERESA M. EICHENMULLER and COLIN B. EICHENMULLER ("Plaintiffs"), by and through the undersigned, complain as to the conduct of DEBT COLLECTORS INTERNATIONAL, INC. ("Defendant"), as follows:

### NATURE OF THE ACTION

1. Plaintiffs bring this action for damages under the Fair Debt Collection Practices Act ("FDCPA") pursuant to 15 U.S.C. § 1692 and under the Florida Consumer Collection Practices Act ("FCCPA") pursuant to Florida Statue § 559.55, for Defendant's unlawful conduct.

### JURISDICTION AND VENUE

1

2. This action arises under and is brought pursuant to the FDCPA. Subject matter jurisdiction is conferred upon this Court by 15 U.S.C. § 1692, as well as 28 U.S.C. §§ 1331 and 1337, as the action arises under the laws of the United States.

3. Supplemental jurisdiction exists for the state law claim pursuant to 28 U.S.C. § 1367.

4. Venue is proper in this Court pursuant to 28 U.S.C. § 1391 as Defendant conducts business, and a substantial portion of the events or omissions giving rise to the claims occurred, within the Middle District of Florida.

**PARTIES**

5. Each Plaintiff is a natural person over 18-years-of-age residing in New Port Richey, Florida, within the Middle District of Florida.

6. Defendant is a third-party debt collector as reflected on its website,[1] collecting debts from consumers across the country, including from those in the state of Florida. Defendant is a corporation organized and existing under the laws of Georgia with its principal place of business located at 2200 Lucien Way, Suite 325, Maitland, Florida 32725.

7. Defendant acted through its agents, employees, officers, members, directors, heirs, successors, assigns, principals, trustees, sureties, subrogees, representatives, and insurers at all times relevant to the instant action.

---

[1] https://www.debtcollectorsinternational.com/

## FACTS SUPPORTING CAUSE OF ACTION

8. The instant action arises out of Defendant's attempts to collect upon a purported consumer debt ("subject consumer debt") that Plaintiffs do not owe.

9. Prior to the conduct giving rise to these claims, Plaintiffs ordered moving services from Real Movers LLC d/b/a Moving Solutions ("RM"), which were used for personal, family, and household services, creating the subject consumer debt.

10. Due to RM's charges being more than what was initially quoted to Plaintiffs, they attempted to cancel RM's services, and attempted to get a refund of their deposit. Respondent never refunded the deposit and worse, sought to collect the remaining amount owed for the services that were cancelled.

11. RM never refunded the money that was owed to Plaintiffs, which was a refund of their full deposit or alternatively, a refund of part of their deposit.

12. Plaintiffs did not make any more payments to RM, and the subject consumer debt went into default.

13. Upon information and belief, after the subject consumer debt was in default, it was placed with Defendant for collection purposes.

14. Sometime in early 2023, Plaintiffs began receiving calls to their cellular phone numbers (865) XXX-7174 and (954) XXX-3138 from Defendant, seeking collection of the subject consumer debt.

15. At all times relevant to the instant action, Plaintiffs were the sole subscribers, owners, and operators of the numbers ending in -7174 and -3138. Plaintiffs are, and always has been, financially responsible for the phones and their services.

16. Defendant has primarily used the phone number (678) 214-3650 when placing collection calls to Plaintiffs' cellular phones, but upon belief, Defendant has used other phone numbers as well.

17. Upon information and belief, Defendant regularly utilizes the above-referenced phone number during its debt collection activity.

18. Upon speaking with one of Defendant's representatives, Plaintiffs were informed that Defendant was attempting to collect upon the subject consumer debt.

19. Upon answering such a call, Plaintiffs informed Defendant that they did not owe the debt and demanded that Defendant stop calling.

20. Despite such, Defendant continued to call Plaintiffs with harassing and repeated phone calls.

21. Despite Plaintiffs' efforts, Defendant has continued to regularly call, seeking payment for the subject consumer debt.

22. Further, Defendant sent Plaintiffs an email ("Email") to Plaintiffs' personal email address, seeking to collect upon the subject consumer debt, on or about June 5, 2023.

23. The email did not contain any statement describing any method by which Plaintiffs could opt out of further electronic communications or attempts to communicate by Defendant to Plaintiffs' email address.

24. Defendant's collection efforts were designed to harass Plaintiffs and squeeze sums of money from consumers who had otherwise made clear that they did not owe the subject consumer debt and did not want Defendant calling them.

25. Frustrated over Defendant's conduct, Plaintiffs spoke with the undersigned regarding their rights, exhausting time, resources, and expenses.

26. Plaintiffs have been unfairly and unnecessarily harassed by Defendant's actions.

27. Plaintiffs have suffered concrete harm as a result of Defendant's actions, including but not limited to, invasion of privacy, aggravation that accompanies unwanted collection telephone calls for a debt they do not owe and the resulting physical manifestations thereof, emotional distress, and numerous violations of Plaintiffs' state and federally-protected interests to be free from harassing and abusive debt collection conduct.

### COUNT I – VIOLATIONS OF THE FAIR DEBT COLLECTION PRACTICES ACT

28. Plaintiffs restate and reallege paragraphs 1 through 27 as though fully set forth herein.

29. Each Plaintiff is a "consumer" as defined by 15 U.S.C. § 1692a(3).

30. Defendant is a "debt collector" as defined by § 1692a(6) of the FDCPA as its regularly uses the mail and/or the telephone to collect, or attempt to collect, delinquent consumer accounts.

31. Defendant identifies itself as a debt collector, and is engaged in the business of collecting or attempting to collect, directly or indirectly, defaulted debts owed or due, or asserted to be owed or due, to others.

32. The subject consumer debt is a "debt" as defined by FDCPA §1692a(5) as it arises out of a transaction due or asserted to be owed or due to another for personal, family, or household purposes.

    a. **Violations of FDCPA § 1692c**

33. The FDCPA, pursuant to 15 U.S.C. § 1692c(c), prohibits a debt collector from further communicating with a consumer after being notified in writing that the consumer wishes the debt collector to cease further communication with the consumer.

34. The newly amended Regulation F provides further guidance on prohibited practices with debt collector communications. Regulation F states:

> "A debt collector who communicates or attempts to communicate with a consumer electronically in connection with the collection of a debt using a specific email address, telephone number for text messages, or other electronic-medium address must include in such communication or attempt to communicate a clear and conspicuous statement describing a reasonable and simple method by which the consumer can opt out of further electronic communications or attempts to communicate by the debt collector to that address or telephone number. The debt collector may not

6

require, directly or indirectly, that the consumer, in order to opt out, pay any fee to the debt collector or provide any information other than the consumer's opt-out preferences and the email address, telephone number for text messages, or other electronic-medium address subject to the opt-out request. 12 C.F.R. § 1006.6(e).

35. Defendant violated 15 U.S.C. § 1692c(c) and 12 C.F.R. § 1006.6(e) by sending the Email to Plaintiffs without including any statement describing any method by which Plaintiffs could opt out of further electronic communications or attempts to communicate by Defendant to Plaintiffs' email address.

### b. Violations of FDCPA § 1692d

36. The FDCPA, pursuant to 15 U.S.C. § 1692d, prohibits a debt collector from engaging "in any conduct the natural consequence of which is to harass, oppress, or abuse any person in connection with the collection of a debt."

37. 15 U.S.C. § 1692d(5) further prohibits debt collectors from "causing a telephone to ring or engaging any person in telephone conversation repeatedly or continuously with intent to annoy, abuse, or harass any person at the called number."

38. The newly amended Regulation F provides further guidance on what circumstances constitute harassing and oppressive debt collection conduct. 12 C.F.R. § 1006.14(b)(2) provides guidance on when calls are made repeatedly and continuously, and debt collectors are presumed to comply with these provisions if they follow certain guidelines. However, the commentary thereto confirms that this presumptive compliance can be rebutted by several factors, including "[t]he content

of a person's prior communications with the debt collector." Examples of prior communications with consumers that can evince an intent to harass through phone calls include calls following a demand that such calls cease, and similarly following a consumer informing a debt collector that they refuse to pay the debt.

39. Additionally, pursuant to 12 C.F.R. § 1006.14(h), a debt collector cannot "communicate or attempt to communicate with a person through a medium of communication if the person has requested that the debt collector not use that medium to communicate with the person."

40. Defendant violated §§ 1692d & 1692d(5), and 12 C.F.R. §§ 1006.14(b)(2) & 1006.14(h), through its harassing and noncompliant collection campaign directed towards Plaintiffs. Plaintiffs notified Defendant orally that its calls were not welcome and needed to cease. Defendant knew that its continued placement of phone calls would be unwelcome to Plaintiffs, yet nevertheless persisted, illustrating its intent to harass Plaintiffs through its phone calls. Further, upon becoming aware of Plaintiffs' desire to receive no further collection calls regarding the subject consumer debt, Defendant was obligated to cease utilizing such medium of communication in its efforts to collect the subject consumer debt – however, such calls persisted notwithstanding Defendant's obligation to cease. Defendant engaged in this harassing and noncompliant conduct in an effort to harass and annoy Plaintiffs into addressing the subject consumer debt, which they do not owe.

### c. Violations of FDCPA § 1692e

32. The FDCPA, pursuant to 15 U.S.C. §1692e, prohibits a debt collector from using "any false, deceptive, or misleading representation or means in connection with the collection of any debt."

33. In addition, this section enumerates specific violations, such as:

> "The false representation of . . . the character, amount, or legal status of any debt . . ." 15 U.S.C. § 1692e(2)(A); and,

> "The use of any false representation or deceptive means to collect or attempt to collect any debt or to obtain information concerning a consumer." 15 U.S.C. § 1692e(10).

34. Defendant violated §§ 1692e and 1692e(10) when it deceptively continued communicating with Plaintiffs through their cellular phones despite Plaintiffs having made Defendant aware such communications were unwanted by way of demanding that they cease. Defendant falsely and deceptively represented its ability to continue such calls since, under the binding regulations, Defendant was precluded from engaging in such conduct. Defendant's deceptive conduct was designed to compel Plaintiffs' payment on the debt through undue and deceptive means.

35. Further, Defendant violated §§ 1692e, 1692e(2)(A), and 1692e(10) through its misleading and deceptive attempts to collect a debt from Plaintiff which they do not owe. Defendant was made aware that Plaintiffs did not owe they debt and that they did not consent to Defendant's calls, yet Defendant persisted in its efforts to collect the subject consumer debt from Plaintiffs all the same. Defendant's efforts in

9

the face of the information provided by Plaintiffs illustrates the extent to which Defendant's collection efforts were designed to deceptively compel Plaintiffs' payment on a debt which they did not owe.

### d. Violations of FDCPA § 1692f

35. The FDCPA, pursuant to 15 U.S.C. § 1692f, prohibits a debt collector from using "unfair or unconscionable means to collect or attempt to collect any debt."

36. Defendant violated § 1692f when it unfairly and unconscionably attempted to collect on a debt by continuing to call Plaintiffs' cellular phone despite the nature of the conversations between the parties.

37. Defendant violated § 1692f when it unfairly and unconscionable sought payment from Plaintiffs for a debt that they did not owe.

WHEREFORE, Plaintiffs, THERESA M. EICHENMULLER and COLIN B. EICHENMULLER, respectfully request that this Honorable Court enter judgment in their favor as follows:

a. Declaring that the practices complained of herein are unlawful and violate the aforementioned bodies of law;

b. Awarding Plaintiffs statutory damages of $1,000.00 as provided under 15 U.S.C. §1692k(a)(2)(A);

c. Awarding Plaintiffs actual damages, in an amount to be determined at trial, as provided under 15 U.S.C. §1692k(a)(1);

d. Awarding Plaintiffs costs and reasonable attorney fees as provided under 15 U.S.C. §1692k(a)(3);

e. Enjoining Defendant from further contacting Plaintiffs seeking payment of the subject debt; and

f. Awarding Plaintiffs any other relief as this Honorable Court deems equitable and just.

### COUNT II – VIOLATIONS OF THE FLORIDA CONSUMER COLLECTION PRACTICES ACT

38. Plaintiffs restate and reallege paragraphs 1 through 27 as though fully set forth herein.

39. At all times relevant to this Complaint, each Plaintiff was and is a natural person and "consumer" as defined by Florida Statute § 559.55(8).

40. At all times relevant to this action Defendant is subject to and must abide by the laws of the state of Florida, including Florida Statute § 559.72.

41. At all times relevant to this Complaint, Defendant was and is a "person" as said term is defined under Florida Statute §1.01(3) and is subject to the provisions of Fla. Stat. § 559.27 because said section applies to "any person" who collects or attempts to collect a consumer debt, as defined by Fla. Stat. §§559.72 and 559.51(1).

42. At all times material hereto, the subject consumer debt in question was a "consumer debt" as said term is defined under Florida Statute § 559.55(6).

43. A person violates § 559.72(7) of the FCCPA when it willfully communicates with the debtor with such frequency as can reasonably be expected to harass the

debtor, or willfully engages in other conduct which can reasonably be expected to abuse or harass the debtor.

44. Defendant violated § 559.72(7) of the FCCPA when it placed repeated harassing telephone calls to Plaintiffs after Plaintiffs demanded that Defendant stop calling. Defendant ignored Plaintiffs' request and continued to place numerous harassing phone calls to Plaintiffs' cellular phone.

45. Defendant's actions show that it was their specific goal to harass and annoy Plaintiffs enough to induce them into making a payment, even after Plaintiffs demanded that such phone calls from Defendant cease.

46. This repeated behavior of systematically calling Plaintiffs' phones, despite their demands, to collect a debt was harassing and abusive. Such contacts were made with the hope that Plaintiffs would succumb to the harassing behavior and ultimately make a payment. The nature of phone calls, especially after Plaintiffs demanded that the calls stop, would naturally cause an individual to feel oppressed.

47. Plaintiffs told Defendant that its calls to their cellular phones were not welcomed and were therefore inconvenient. As such, Defendant contacted Plaintiffs at times and places which were inconvenient to Plaintiffs to harass and abuse them.

WHEREFORE, Plaintiffs, THERESA M. EICHENMULLER and COLIN B. EICHENMULLER, respectfully request that this Honorable Court enter judgment in their favor as follows:

a. Entering judgment in Plaintiffs' favor and against Defendant;

b. Awarding Plaintiffs actual damages in an amount to be determined at trial, pursuant to the Florida Consumer Collection Practices Act, Fla. Stat. §559.77;

c. Awarding Plaintiffs statutory damages of $1,000.00 pursuant to the Florida Consumer Collection Practices Act, Fla. Stat. §559.77;

d. Awarding Plaintiffs equitable relief including enjoining Defendant from further violations, pursuant to Florida Consumer Collection Practices Act, Fla. Stat. §559.77(2);

e. Awarding Plaintiffs costs and reasonable attorneys' fees pursuant to the Florida Consumer Collection Practices Act, Fla. Stat. §559.77;

f. Enjoining Defendant from further contacting Plaintiffs seeking payment of the subject consumer debt; and

g. Awarding Plaintiffs any other relief as this Honorable Court deems equitable and just.

**Plaintiffs demand trial by jury.**

Dated: June 19, 2023 

Respectfully Submitted,

/s/ *Alexander J. Taylor*
Alexander J. Taylor, Esq.
Florida Bar No. 1013947
*Counsel for Plaintiffs*
Sulaiman Law Group, Ltd
2500 South Highland Avenue
Suite 200
Lombard, IL 60148
Telephone: (331) 272-1942
Fax: (630) 575-8188
ataylor@sulaimanlaw.com